EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOVINO MERCADO ROSADO, acusado y apelante.

Núm. 10201.—*Sometido:* Diciembre 2, 1943. *Resuelto:* Diciembre 6, 1943.

*J. M. Valentín Esteves,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

672

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Jovino Mercado Rosado fué denunciado por una infracción del artículo 10, letra (a), de la Ley de Automóviles de 1942 (núm. 55, pág. 527), porque mientras guiaba un *truck* "no ejerció el debido cuidado ni tomó precauciones razonables para garantizar la seguridad de vidas y propiedades, por no medir el ancho, tráfico (*sic*) y uso del camino y correr a velocidad, arrolló a Enrique Lamela Luyando, de Isabela, infiriéndole contusiones en la frente y la fractura de la pierna izquierda . . ." La Corte de Distrito de Aguadilla, en apelación, lo declaró culpable y lo sentenció a pagar una multa de $25 o a cumplir la prisión subsidiaria. En este recurso alega el apelante que la corte inferior erró al apreciar la prueba porque la misma no sostenía las alegaciones de la denuncia.

La prueba presentada por El Pueblo demostró que Enrique Lamela caminaba por el lado derecho de la carretera que conduce de Isabela a Aguadilla y que al pasar un *truck* guiado por el apelante, a una velocidad exagerada por el lado de Lamela le dió un golpe con una cadena de hierro que traía suelta en la parte trasera y la cual venía dando foetazos según caminaba el truck; que la cadena se usaba para amarrar la tapa del truck; que el apelante no tocó *klaxon* o bocina, y al darle con la cadena en una pierna, Lamela cayó sin conocimiento y al ser trasladado al hospital se comprobó que había sufrido la fractura de una pierna.

La prueba del acusado negó todos los hechos imputados. Tendió a demostrar que al pasar por el sitio del suceso Lamela estaba acostado en la cuneta y que él paró el truck, lo recogió y llevó al hospital. Negó que la cadena fuera suelta y que el truck caminara a una velocidad exagerada sin dar aviso.

La corte no dió crédito a la prueba del apelante y sí a la de El Pueblo y nada encontramos en el récord que justi-

fique el que intervengamos con la forma en que dirimió el conflicto. Empero, sostiene el apelante que no hubo prueba alguna de que Lamela fuese *arrollado* por el truck según se alega en la denuncia. Sostiene que el perjudicado no fué tocado por ninguna parte del truck propiamente dicho y que por lo tanto no se probó el hecho imputado.

No obstante que en el concepto popular y corriente "arrollar" a una persona puede ser el de pasarle por encima y atropellarla con un vehículo, sostenemos que igualmente se arrolla a una persona con una cadena que forma parte de un vehículo y la cual por llevarse suelta dando foetazos de lado a lado causa daño. Es más, el viandante que con éxito se defiende del peligro del vehículo colocándose a la derecha del camino no puede prevenirse y defenderse con igual éxito de una cadena que se lleva suelta dando foetazos según camina el vehículo. La prueba, creída por la corte, demostró que Lamela fué arrollado por la cadena del truck. Sería hacer una distinción muy sutil y técnica sostener como pretende el apelante que la única forma en que puede ser arrollada una persona por un vehículo de motor es cuando el vehículo mismo es el que ocasiona el daño.

*Debe confirmarse la sentencia apelada.*